Case 3:10-cv-03098-PKH   Document 1   Filed 10/29/10   Page 1 of 8

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 29 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| NANCY NEAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GLOBAL CREDIT & COLLECTIONS | ) CASE NO. 10-3098 |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, NANCY NEAVES, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GLOBAL CREDIT & COLLECTIONS CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NANCY NEAVES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Harrison, County of Boone, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Capital One Services, LLC (hereinafter "Capital One").

1

6. The debt that Plaintiff allegedly owed Capital One was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. GLOBAL CREDIT & COLLECTIONS CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Delaware.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about August 29, 2010, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Capital One.

15. On or about August 30, 2010, Defendant sent a correspondence to Plaintiff's residence in a further attempt to collect the debt she allegedly owed.

16. Despite having contact with Plaintiff on multiple occasions, and despite being fully cognizant of Plaintiff's location, on or about August 30, 2010, Defendant proceeded to contact Plaintiff's mother and leave a voicemail message for Plaintiff's mother.

17. Defendant, in the aforesaid voicemail message, informed Plaintiff's mother that Plaintiff was involved in a serious legal matter.

18. Plaintiff did not consent to Defendant contacting third parties.

19. Plaintiff's mother informed Plaintiff of the contents of the voicemail message.

20. Despite having contact with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around August 2010, and on multiple occasions therein, Defendant proceeded to initiate telephone calls to Plaintiff's mother in a further attempt to collect the debt Plaintiff allegedly owed to Capital One.

21. In August 2010 and in September 2010, Defendant engaged in multiple telephone calls with Plaintiff.

22. During the course of Plaintiff's telephone conversations with Defendant, Plaintiff advised Defendant, on multiple occasions, that she was only able to make small payments towards to the debt she allegedly owed.

23. On multiple occasions, Plaintiff also told Defendant that she could only make small payments because she was financially strained due to medical bills that she had to pay to treat a medical condition from which she suffered.

24. On multiple occasions, Plaintiff further told Defendant that due to her financial condition, Capital One had placed her in a hardship program whereby she could make small payments towards the debt she allegedly owed.

25. Despite having been advised of the aforementioned facts relative to Plaintiff's financial situation, Defendant told Plaintiff that if she did not make the payment to Defendant then Defendant would file a lawsuit against Plaintiff.

26. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. After having been advised of the aforementioned facts relative to Plaintiff's financial situation, Defendant began to berate Plaintiff for owing a debt to Capital One.

31. Defendant told Plaintiff "[y]ou must have really enjoyed spending that money."

32. In response to Defendant's statements, Plaintiff became so distraught that she started to cry.

33. Defendant then stated to Plaintiff "[y]ou can cry all you want."

34. Defendant's statements, as delineated above, are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

35. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Capital One.

36. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

38. On or about September 8, 2010, Ms. Cote, a duly authorized representative of Defendant engaged in a telephone call with Plaintiff.

39. During the course of the aforementioned telephone call, Plaintiff notified Defendant that she was represented by an attorney and provided Defendant with Plaintiff's counsel's contact details.

40. Shortly thereafter, despite being advised that Plaintiff was represented by an attorney, on or about September 8, 2010, Defendant contacted Plaintiff in a further attempt to collect on the debt allegedly owed.

41. Again, despite being advised that Plaintiff was represented by an attorney, on or about September 9, 2010, Defendant initiated an automated telephone call to Plaintiff.

42. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

43. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

44. During the course of the aforesaid automated telephone call initiated by Defendant to Plaintiff, Defendant informed Plaintiff to press number one (1) on her telephone to speak to a representative.

45. Plaintiff followed Defendant's instructions

46. Despite following the instructions, Plaintiff was placed on hold for in excess of twenty (20) minutes.

47. During the aforesaid time period when Plaintiff was placed on hold, Plaintiff experienced mental distress, frustration and agitation at Defendant's conduct.

48. In its attempts to collect the debt allegedly owed by Plaintiff to Capital One, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   d. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    f. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    g. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    h. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NANCY NEAVES, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**NANCY NEAVES**

By: _____<br>
Attorney for Plaintiff

Dated: October 25, 2010

David M. Marco (Atty. No.: 6273315)<br>
LARRY P. SMITH & ASSOCIATES, LTD.<br>
205 North Michigan Avenue, 40th Floor<br>
Chicago, IL 60601<br>
Telephone:  (312) 222-9028 (x812)<br>
Facsimile:  (888) 418-1277<br>
E-Mail:  dmarco@smithlaw.us